United States District Court
Southern District of New York
-----------------------------------------------------------x

Alpha Capital Anstalt,

                         Plaintiff,

      vs.

Brilliant Technologies Corporation,

                        Defendant.

-----------------------------------------------------------x

<u>Complaint</u>

08 CV 03369 (DAB)

Plaintiff Alpha Capital Anstalt, for its Complaint herein, by its attorneys, respectfully alleges:

<u>the parties</u>

1. Plaintiff Alpha Capital Anstalt ("Alpha Capital") is a Liechtenstein corporation with its principal place of business in Balzers, Liechtenstein.

2. Upon information and belief, Defendant Brilliant Technologies Corporation ("BTC") is a Delaware corporation with its principal place of business at 211 Madison Avenue, New York, New York 10016.

jurisdiction and venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that the action is between citizens of a state and citizens of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and the agreement of the parties.

factual allegations

5. On or about September 18, 2006, Alpha Capital loaned to BTC the sum of $350,000. In consideration of the loan, BTC agreed to issue, and in fact issued, to Alpha Capital a promissory note in the principal amount of $371,000 (the "Note") and a common stock purchase warrant (the "Warrant") for Alpha Capital to obtain 10.6 million shares of BTC common stock at an initial exercise price of $0.07 per share. The Note and the Warrant were issued pursuant to the terms of the Bridge Loan Agreement dated as of September 18, 2006 (the "Agreement").

6. The Note matured on November 3, 2006. BTC failed to pay the principal amount on that date. The Note, therefore, went into default.

7. After default, the terms of the Note permitted Alpha Capital, at its option, in addition to other remedies, to convert the Note in whole or in part, into shares of BTC common stock. Thus §5(b)(i) of the Note provided:

> Additionally, if an Event or Default occurs pursuant to Section 13(a)(i), (iii) - (x) hereof and continues for a period of 5 days after notice from the Holder to the Company of such Event of Default, the Holder of this Note will be entitled, at is option, from and after the Certificate of Incorporation Amendment Filing Date to convert at any time the principal amount of this Note, provided that the principal amount is at least US$10,000 (unless if at the time of such election to convert the aggregate principal amount of all Notes registered to the Holder is less than Ten Thousand Dollars (US$10,000), then the whole amount thereof), and accrued interest, into shares of Common Stock at a conversion price (the "Conversion Price") for each share of Common Stock equal to the lesser of (i) $0.07 and (ii) 75% of the Market Price on the Conversion Date (as defined below), as such price may be adjusted as provided herein (the "Variable Conversion Rate").

8. On August 22, 2007, therefore, Alpha Capital submitted a conversion notice by which it converted $100,000 in principal and $48,188.78 in interest into 16,603,785 shares of BTC common stock. In response to that conversion notice, on October 12, 2007, BTC issued 5 million shares of common stock to Alpha Capital. BTC, however, never delivered the remaining 11,603,785 shares of common stock because it had insufficient authorized shares to honor the conversion request.

9. Thus BTC is in default to Alpha Capital because it failed to deliver the 11,603,785 shares of common stock and is unable to honor its contractual obligation under the Note to allow Alpha Capital to convert the Note, in whole or in part, into common stock.

10. Alpha Capital also holds the Warrant which entitles it, upon exercise, to receive at least an additional 10.6 million shares of BTC common stock. BTC, however, is unable to honor the terms of the Warrant because it has insufficient shares of authorized common stock to deliver to Alpha Capital.

11. In the Agreement, §5i, BTC agreed to have at all times authorized and reserved for issuance a number of shares of common stock "at least equal to one hundred percent (100%) of the number of shares which would be issuable upon exercise of the outstanding Warrants held by all Holders." BTC, however, has no shares of stock authorized and reserved to meet its obligations to Alpha Capital upon exercise of the Warrant. BTC, therefore, is in default with respect to its obligations under §5i of the Agreement.

12. At the current conversion price, BTC needs to issue and reserve for Alpha Capital's benefit over 24 million shares to honor BTC's obligations under the Note and an additional 10.6 million shares under the Warrant. Because the price of BTC stock is volatile, BTC may well need to authorize substantially more shares in order to comply with its obligations to deliver stock upon conversion of the Note.

First Claim for Relief
(Failure To Deliver Shares Upon Conversion of Note
Failure To Authorize and Reserve Shares of Stock
relief sought - preliminary and permanent injunction)

13. Alpha Capital realleges paragraphs 1 through 12.

14. BTC has failed to deliver shares of its common stock upon Alpha Capital's due submission of a notice to convert part of the Note into common stock. BTC's stated reason for failing to deliver the common stock was that it has insufficient shares of common stock to comply with its obligation.

15. To comply with its obligation to deliver shares of common stock upon Alpha Capital's exercise of the Warrant, BTC is obligated to authorize and reserve for Alpha Capital's benefit 10.6 million shares of common stock.

16. Despite Alpha Capital's request, BTC has failed and refused to authorize, reserve and deliver sufficient shares of common stock to comply with its obligations under the Note, Warrant and the Agreement.

17. BTC agreed that upon its default in complying with its obligations under the Note, Warrant and the Agreement, Alpha Capital would suffer irreparable harm and be entitled to injunctive relief to remedy such default. Thus ¶11 of the Agreement provides:

> The Company and the Buyer acknowledge and agree that irreparable damage would occur in the event that any of the provisions of this Agreement or the other Transaction Agreements were not performed in accordance with their specific terms or were otherwise breached. It is accordingly agreed that the parties shall be entitled to an injunction or injunctions to prevent or cure breaches of the provisions of this Agreement and the other Transactions Agreements and to enforce specifically the terms and provisions hereof and thereof, this being in addition to any other remedy to which any of them may be entitled by law or equity.

18. Alpha Capital has no adequate remedy at law.

19. Alpha Capital, therefore, is entitled to an order preliminarily and permanently directing BTC to: i) authorize and reserve for issuance to Alpha Capital 50 million shares of BTC common stock; and ii) to honor all requests duly submitted by Alpha Capital to convert all or any portion of the Note into BTC common stock and to honor all exercises by Alpha Capital of the Warrant.

Second Claim for Relief
(Failure To Deliver Shares Upon Conversion of Note
Failure To Authorize and Reserve Shares of Stock
relief sought - damages)

20. Alpha Capital realleges paragraphs 1 though 19.

21. As a result of BTC's failure to authorize, reserve and deliver common stock to Alpha Capital, Alpha Capital has been damaged in an amount to be determined at trial.

### Third Claim for Relief
(Failure To Pay Promissory Note
relief sought - damages)

22. Alpha Capital realleges paragraphs 1 though 12.

23. As a result of BTC's failure to pay the Note at maturity, BTC is liable to Alpha Capital for all unpaid principal and accrued interest on the Note, plus the costs of collection thereof, including reasonable attorneys fees.

Wherefore, Plaintiff Alpha Capital Anstalt demands judgment against Defendant Brilliant Technologies Corporation as follows:

i) on the First Claim for Relief, for an order preliminarily and permanently directing BTC to: i) authorize and reserve for issuance to Alpha Capital 50 million shares of BTC common stock; and ii) to honor all requests duly submitted by Alpha Capital to convert all or any portion of the Note and to honor all exercises by Alpha Capital of the Warrant; and

ii) on the Second Claim for Relief for damages in an amount to be determined at trial; and

iii) on the Third Claim for Relief for judgment against BTC for all amounts of unpaid principal and accrued interest on the Note; and

iv) on all Claims for Relief for interest, attorneys' fees and the costs and disbursements of this action; and

v) for such other, further and different relief as the Court deems just and proper.

Law Offices of Kenneth A. Zitter

By_____
Kenneth A. Zitter
Attorneys for Plaintiff Alpha Capital Anstalt
260 Madison Avenue, 18th Floor
New York, New York 10016
212-532-8000
KAZ-3195

United States District Court
Southern District of New York
-----------------------------------------------------------------x
Alpha Capital Anstalt,

                        Plaintiff,

vs.                                            **Rule 7.1 Statement**

Brilliant Technologies Corporation,

                        Defendant.
-----------------------------------------------------------------x

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff certify that there are no corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

Dated: New York, NY
       April 4, 2008

                                                  Law Offices of Kenneth A. Zitter

                                                  By_____
                                                     Kenneth A. Zitter, Esq.
                                                     Attorneys for Plaintiff
                                                      Alpha Capital Anstalt
                                                 260 Madison Avenue, 18th Floor
                                                 New York, New York 10016
                                                 212-532-8000
                                                 KAZ-3195